NEW YORK ETC. R. CO. v. LAURA ENCHES.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN
COUNTY.

Argued May 9, 1889—Decided June 28, 1889.
[To be reported.]

1. Where there is evidence tending to establish the existence of facts
hypothetically stated in a point presented for instruction, the proponent
has a right to a specific instruction upon the legal effect of those facts,
and it is error to refer that legal effect to the jury.

(a) In an action by a passenger to recover damages for personal injuries
received while alighting from the defendant company's train, there was
evidence that the plaintiff delayed leaving the car when the train stopped,
and attempted to alight after the train started, though warned by the
brakeman against it.

2. It was error in such case to refuse to charge, as requested, that "if
the jury believe from the evidence that the plaintiff undertook to get off
the train after it began to move, in disregard of the warning of the
brakeman not to, she was guilty of contributory negligence and cannot
recover."

3. Where the question of contributory negligence is fairly raised upon the
evidence, it is not enough to charge generally that the plaintiff cannot
recover, if guilty of contributory negligence: the court should explain
to the jury what facts would constitute such negligence, in view of the
testimony, and instruct the jury accordingly.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
MITCHELL, JJ.

No. 40 January Term 1889, Sup. Ct.; court below, No. 40
December Term 1886, C. P.

On October 6, 1886, Laura Enches brought case against the
New York, Lake Erie & Western Railroad Co., to recover
damages for personal injuries charged to the negligence of the
defendant company's employees. Issue.

At the trial on May 14, 1888, the case made, as was claimed,
by the testimony on the part of the plaintiff, was as follows:

On August 21, 1886, the plaintiff with her mother took pas-
sage on a local train of the defendant company from Bear
Lake, in Warren county, to Columbus, in the same county.

Charge of Court below,

When the train was approaching Columbus station, the call of the station was heard by the plaintiff, and she was also acquainted at the place. The plaintiff and her mother prepared to leave the train, and as soon as the train stopped they proceeded to alight, were hindered somewhat near the door by incoming passengers, but went out and down the steps of the car. The mother, being ahead, stepped off upon the platform safely, but when the plaintiff, following her, was on the last step of the car, the train was started with a sudden motion which threw the plaintiff across and upon the station platform, causing serious personal injuries. The stop of the train at the station was from half a minute to a minute.

The defendant introduced the testimony of a number of witnesses, to the effect that the stop at the station was for the usual time at that station; that there were several passengers, three or four at least, who had alighted, and the passengers waiting at the station had entered the cars, before the train started; that after the train began to move, the plaintiff and her mother came out on the forward platform of the ladies' car, the mother ahead and the plaintiff following close after, and the mother started down the steps; that the brakeman warned them not to try to get off, but to let him pass up and he would stop the train; that the ladies kept pressing their way down, and, finding they were about to jump, the brakeman assisted the mother to alight, and while he was so doing the plaintiff jumped and was thrown upon the platform.

The court, BROWN, P. J., after stating the facts, charged the jury:

The plaintiff bases her right to recover on the allegation of negligence on the part of the defendant, and the burden of proof is on her to sustain such allegation by the weight of evidence. If she has not done so she ought not to recover. If she has, then your verdict should be in her favor, unless it further appears that the plaintiff herself was also guilty of such negligence and want of care as essentially contributed to her injury. It is the law that, although the defendant may have been guilty of negligence and want of care in the management of its cars, yet if the jury are satisfied that the plaintiff was also negligent and careless, and with her negligence and care-

lessness contributed in any degree to the injury, she cannot recover.

The first question for you to answer, from the evidence, is, were the employees of the defendant company guilty of negligence in the starting of the train, on which the plaintiff was a passenger and from which she was making her exit at the time of the accident? It is the duty of a railroad company, engaged in the business of the transportation of passengers, to conduct them safely, and to make stops of a sufficient length of time to enable the passengers, using due diligence and proper care, to alight with safety. The claim on the part of the plaintiff is that the defendant was guilty of negligence in this, that the train was not stopped a sufficient length of time to enable the plaintiff, with ordinary care and with reasonable expedition, to alight safely.

The law does not prescribe how long a train of cars shall be stopped to enable passengers to depart. The length of time must depend upon the particular circumstances of the case of which the jury are to judge. What would be negligence under given circumstances, might not be under others. Passengers alighting from a train at a station where a large number get on and off, should, manifestly, be given more time than those alighting at a station where only a few passengers get on and off.

The rule that we lay down for your guidance, is, that if the train at the time of the accident to the plaintiff, taking into consideration the number of persons to alight at Columbus station, and the number on the platform to take passage, stopped a sufficient length of time to enable the plaintiff, using reasonable care and reasonable expedition, to leave with safety, then the defendant is not chargeable with carelessness, and the plaintiff should not recover.

On the other hand, if, taking all the circumstances into account, such sufficient length of time was not given, then the defendant was guilty of carelessness; and, if the plaintiff, without fault on her part, sustained injury as the consequence of such carelessness, she is entitled to a verdict.

If you find that the plaintiff is entitled to a verdict, it will be your duty to ascertain what amount of damage in money will compensate her for such injuries and infirmities as the evi-

Charge of Court below.

dence shows is attributable to the want of care on the part of the employees of the railroad. . . . .

The defendant requests the court to charge:

1. The plaintiff cannot recover unless the defendant was negligent in not stopping the train a sufficient length of time to enable her to get off safely, and the burden of proving such negligence is on the plaintiff.

Answer: Affirmed.

2. If the jury believe that the train was stopped a sufficient length of time to enable the plaintiff to get off, with a reasonable exercise of diligence on her part, there is no negligence to be attributed to the defendant, and the plaintiff is not en-entitled to recover.

Answer: Affirmed.

3. If the plaintiff was hindered by incoming passengers until the train started, it was her duty to remain on the train, and any attempt to get off after the train was in motion was at her own risk and peril.

Answer: Affirmed.

4. If the jury believe, from the evidence, that the plaintiff undertook to get off the train after it began to move, she is guilty of contributory negligence and cannot recover.

Answer: This point, as a legal proposition, applicable to the evidence in the case on trial, is refused; but we refer it to you to find, from the evidence, and taking all the circumstances into consideration, whether the plaintiff, in attempting to get off the train, was guilty of such negligence or want of care, as contributed to the injuries complained of; if she was, she is not entitled to recover.[1]

5. If the jury believe that the plaintiff attempted to get off after the train was in motion, in disregard of the warning of the brakeman not to, she was guilty of negligence and cannot recover.

Answer: This point is refused, as applicable to the evidence in the case on trial; but if you find that the plaintiff attempted to get off the train after it was in motion, and if, taking all the circumstances into account, you find that this attempt was such an act of negligence and imprudence on her part as contributed to her injury, then she cannot recover.[2]

The jury returned a verdict for the plaintiff for $7,750. A rule for a new trial having been discharged, the defendant took this writ, specifying that the court erred, inter alia:

1, 2. In the answers to defendant's points.[1] [2]

3. In its general charge to the jury, by giving undue prominence to the plaintiff's allegations of the negligence of the defendant, and by obscuring or overlooking the contributory negligence of the plaintiff.

*Mr. W. M. Lindsey* (with him *Mr. F. P. Ray* and *Mr. J. O. Parmlee*), for the plaintiff in error:

The plaintiff's allegations of negligence on the part of the railroad company, are founded on two propositions, to wit: 1. That the train did not stop long enough for the plaintiff to alight. 2. That plaintiff was thrown from the car by an improper starting or jerk of the train. If the first proposition fails, they both fail and the plaintiff has no case.

1. If the train stopped a sufficient time for the plaintiff to alight, then it makes no difference how the train was started, or whether she was thrown off by the starting of the train or not. It was her duty to have been off the train, and if she was not, then she was guilty of negligence in being on the lower step of the car when the train started, and the second allegation cannot avail her: McClintock v. Railroad Co., 21 W. N. 133. It is a fact that other passengers did get off, and if there was time for them there was time for the plaintiff. The getting on or off a moving train is prima facie negligence. The cases are numerous to this effect. We cite two: Railroad Co. v. Aspell, 23 Pa. 147; McClintock v. Railroad Co., supra.

2. The defendant in the fourth point asked the court to instruct that if the jury believed from the evidence that the plaintiff undertook to get off the train after it began to move, she was guilty of contributory negligence and could not recover. There was a strong array of testimony on the part of the defendant that the plaintiff did get off the train after it was in motion. There was no evidence of facts which justified the act. The plaintiff denied it in toto. If the jury believed the defendant's testimony, the plaintiff was guilty of contributory negligence and the point should have been affirm-

ed: Catawissa R. Co. v. Armstrong, 52 Pa. 282; Baker v. Fehr, 97 Pa. 72; Penna. R. Co. v. Zebe, 33 Pa. 318. The defendant's fifth point was the same as the fourth, with the addition of the warning by the brakeman, testified to by several witnesses.

3. On the trial of the case, the defence was put largely upon the negligence of the plaintiff. The evidence on that question was not only strong, but seemed overwhelming, yet the learned judge, in his general charge, passed it by with a single reference. He seemed to overlook that branch of the defence. From the slight reference to the question of contributory negligence, in the general charge, and the prominence given to the question of the negligence of the defendant, there was not an adequate presentation of the defence: See Schwenk v. Kehler, 122 Pa. 67; Bisbing v. Third N. Bank, 93 Pa. 79.

*Mr. Charles H. Noyes* (with him *Mr. W. D. Hinckley, Mr. R. Brown, Mr. Charles W. Stone, Mr. H. E. Brown, Mr. W. E. Rice* and *Mr. A. F. Bole*), for the defendant in error:

1. The witnesses called for the railroad company did not contradict the plaintiff's proof that she used all diligence to descend from the train, and that it started before she could do so, and none of the facts testified to by them were inconsistent with the defendant's negligence; but if they were, the conflicting evidence was for the jury. The case of McClintock v. Railroad Co., 21 W. N. 133, differs from this in the important feature that there the jury found that the train stopped long enough, and here they found that it did not. The facts were neither admitted, nor ascertained, but disputed. The question whether the plaintiff was negligent or not, was therefore purely a question for the jury. The burden of showing it was upon the defendant: Hays v. Gallagher, 72 Pa. 140; Cleveland etc. R. Co. v. Rowan, 66 Pa. 393.

2. The defendant's fourth point required the court to instruct the jury peremptorily that the plaintiff could not recover if she undertook to get off the train after it began to move, and the fifth merely added the warning of the brakeman. To have answered them affirmatively would have been to exclude from the jury all the other facts and circumstances in the case, and direct their attention exclusively to the question

whether the plaintiff stepped from the train after it had begun to move, or was thrown off by the sudden starting of the train.

3. Assuming the defendant's contention, that the train was in motion when the plaintiff attempted to get off, the case of Penn. R. Co. v. Kilgore, 32 Pa. 292, is much like the present. Here, as in that case, the railroad company had involved the plaintiff in the attempt to get off. There, two children had preceded the plaintiff to the platform; here, it was her aged mother. In neither could it be charged that the mere alighting from the train, with or without warning, was negligence per se. The cases on this head are ably reviewed in Filer v. N. Y. Cent. R. Co., 49 N. Y. 47 (10 Am. Rep. 327).

4. The points could not be affirmed, and no fair complaint can be made of the answers, which directed the attention of the jury to the proper question. Was the plaintiff, taking all the facts, and not merely those mentioned in the point, into account, negligent or imprudent? And the alleged negligence of the plaintiff was properly submitted in the general charge. The instruction that the plaintiff might recover if the defendant was negligent was everywhere qualified by the proviso, that the plaintiff herself was not in fault.

There is absolutely no ground whatever for the third assignment of error.

OPINION, MR. JUSTICE GREEN:

There was abundant evidence in the cause that the plaintiff got off the car after it had started and while it was in motion. In view of this testimony the defendant's fourth and fifth points were propounded to the court below. There was no evidence that there was any necessity, apparent or real, for the plaintiff to leave the car while it was in motion, and hence there was no occasion for a qualifying reservation as to the effect of her act of leaving the car while in motion, if the jury believed such to be the fact. We are clearly of opinion therefore that it was the duty of the learned court below to answer the points upon the facts of which they were predicated.

This being so, the simple question raised by the fourth point was, whether the plaintiff was guilty of contributory negligence if the jury believed from the evidence that she undertook to get off the train after it began to move. The mere fact of

the accident proved that the motion of the car was sufficient to cause the accident from the attempt to leave the car after it started, and hence the hypothesis of the point was fairly presented in the very terms in which it was stated, and required a categorical answer. We have so often held that it is contributory negligence for a passenger to leave a car while it is in motion, that it is unnecessary to discuss that question : Railroad v. Aspell, 23 Pa. 147 ; McClintock v. Penn. R. Co., 21 W. N. 133. There being nothing in the circumstances of this case to qualify the effect of the facts presented in the point, it should have been affirmed as it stood. The result of the qualified answer was to transfer from the court to the jury the disposition of the question as to the legal effect of certain facts hypothetically stated in the point, but warranted by sufficient testimony.

The same considerations are applicable in an increased degree to the answer given to the defendant's fifth point. There, the act of leaving the car while in motion and in disregard of the warning of the brakeman not to leave, was submitted to the court and was answered in the same manner as the fourth point was answered, by referring the whole legal effect of the facts supposed by the point to the jury. There was distinct affirmative evidence that such a warning had been given, but the court entirely ignored this feature of the point and said nothing about it in the answer. This was clear error. The answers to both these points were in reality not answers. They were mere directions to the jury that if the plaintiff was guilty of contributory negligence, in attempting to leave the car, she could not recover. Of course those instructions were legally true, but they were not instructions upon the effect of the particular facts hypothetically stated in the points, and hence were not responsive to the points in any sense. If there had been no evidence to support the hypotheses of the points, the error would have been immaterial; but there was such evidence, and the defendant had a right to a specific instruction upon the effect of the facts stated. The first and second assignments of error are sustained.

We are of opinion also that the third assignment is sustained. On the trial of such a case, it is the duty of the court to explain to the jury what would constitute contributory negli-

gence of the plaintiff, and then to instruct them that if they found such facts in the case, the plaintiff could not recover if the accident resulted wholly or in part from such contributory negligence. It is not enough to say, generally, to the jury that a plaintiff cannot recover if he or she has been guilty of contributory negligence. The jury must be enlightened as to what facts would constitute such negligence in view of the testimony, otherwise they have no guide by which to regulate their action, in determining the controverted facts. In the present case, there was no definition or statement of any kind as to what was the meaning of contributory negligence, or as to what kind of facts would constitute it or even tend to prove it. There is but one sentence in the charge on that subject, and that is a mere general statement of the rule of law that a plaintiff who has been guilty of contributory negligence cannot recover. All the rest of the charge is upon the alleged negligence of the defendant and the question of damages, and under the whole charge and the answers to the points the jury were without any instructions either upon the meaning of the term " contributory negligence," or upon the question as to whether there were any facts in evidence either proving or tending to prove that there was contributory negligence in the case. We have frequently held that such charges are misleading and therefore erroneous. The third assignment is sustained. The fourth and fifth assignments are not sustained.

Judgment reversed, and new venire awarded.