### Anna M. Victor, Appellant, *v.* Pennsylvania R. R.

| | |
|---|---|
| 164 | 195 |
| 192 | 505 |
| 164 | 195 |
| e213 | 466 |

*Negligence—Railroads—Passenger—Alighting from train—Contributory Negligence.*

Plaintiff, a young woman, was a passenger going to Stewart station. As the train approached the station, its speed was lessened, and the conductor and brakeman each announced: " The next station is Stewart." Plaintiff immediately started from her seat in the back part of the car. When she reached the front platform the brakeman asked her to pass on to the next car, stating that she could not alight from the car in which she was, without getting into mud or water.   When she had reached the middle of the second car the train stopped momentarily to permit another train to discharge its passengers, but started before plaintiff reached the front platform.   The conductor and a brakeman were on the platform, on the side of the car from the station, looking forward to ascertain the cause of the stoppage.   Plaintiff spoke to them, but they did not see or hear her.   She testified that she then noted the speed of the train, and thought that she could alight safely.   With a bundle in her hand she stepped from the moving train to the platform.   While doing this she observed that the train was moving faster than she had supposed and to avoid falling she took hold of the rail of the car with her back to the engine, and was thrown between the platform and the track and was injured. *Held*, that it was proper to give binding instructions for defendant.

Argued May 10, 1894.   Appeal, No. 15, July T., 1894, by plaintiff, from judgment of C. P. Fayette Co., March T., 1892, No. 417, on verdict for defendant.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Affirmed.

Trespass for personal injuries.
The facts appear by the opinion of the Supreme Court.
The court gave binding instructions for defendant.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was above instruction.

*Edward Campbell*, for appellant.—It was negligence in the conductor and the brakeman, in failing during the interval before plaintiff alighted, to correct the erroneous statement they had made to Miss Victor, and in allowing her to act under the wrong direction they had given her, although she did her best to make them tell her what to do or stop the train, while all they did do was to hang over the south side of the car where no passenger could get off, leaving her, although within their reach, to carry out the instructions she had received and alight, or, as she thought, be carried past her destination : Walters v. Traction Co,, 161 Pa. 36 ; Johnson v. R. R., 70 Pa. 357 ; Stager v. Ry., 119 Pa. 70 ; R. R. v. Lyons, 129 Pa. 113.

When the passenger is placed in peril by the default or negligence of the company, or when he leaves the train while it is in motion, by direction of the company's agent, it is for the jury to say, upon the evidence, whether the act was negligent or not : R. R. v. Kilgore, 32 Pa. 292 ; R. R. v. Peters, 116 Pa. 206 ; Canal Co. v. Webster, 18 W. N. 339 ; Johnson v. R. R., 70 Pa. 357 ; Meier v. R. R., 64 Pa. 225 ; Fredericks v. Ry., 157 Pa. 103 ; R. R. v. White, 88 Pa. 32.

The announcement of the station and the stoppage of the train, were at least evidence of a request to alight, and the question of negligence should be left to the jury : Rose v. Ry. L. R., 2 Ex. D. 248 ; Bridges v. Ry. L. R., 7 H. L. 213 ; Gates v. R. R., 154 Pa. 566 ; R. R. v. White, 88 Pa. 327 ; Patterson v. Ry., 57 N. W. R. 880 ; Ry. v. Vinson, 24 S. W. R. 956 ; Ry. v. Porter, 56 N. W. R. 808 ; Alford v. Ry., 56 N. W. R. 743 ; Ry. v. Brown, 23 S. W. R. 618.

*W. H. Playford*, for appellee, presented no oral argument, but cited in his printed brief, R. R. v. Aspell, 23 Pa. 147; McClintock v. R. R., 21 W. N. 133.

OPINION BY MR. JUSTICE FELL, Oct. 1, 1894:

It may be stated as a general proposition that it is negligence on the part of a passenger to alight from a moving train: P. R. R. Co. v. Aspell, 23 Pa. 147; McClintock v. R. R. Co., 21 W. N. C. 133. To this rule there are well recognized exceptions, as where the passenger leaves the train by direction of the company's agents, or is placed in peril through their neglect, or is in the act of alighting and cannot retrace his steps, and others in which the question of negligence is to be determined by the jury: Johnson v. W. C. & P. R. R., 70 Pa. 357; Pa. R. R. Co. v. Lyons, 129 Pa. 113, and cases there cited.

The plaintiff's difficulty in this case was to avoid the rule and come within the exceptions. She was a passenger on a train of the Pennsylvania Railroad Company defendant, going from Greensburg to Stewart Station. As the train approached the station its speed was lessened, and the conductor and brakeman each announced: "The next station is Stewart." The plaintiff immediately started from the seat she had occupied in the back part of the car for the door in the front. When she reached the front platform the brakeman stationed there asked her to pass on to the next car, stating as the reason for his request that she could not alight from the car in which she was without getting into the water or mud at the side of the tracks. When she had reached the middle of the second car the train stopped, but started again before she had come to the front platform. The conductor and a brakeman were on this platform, on the side of the car from the station, looking forward to ascertain the cause of the stoppage of the train. They neither saw nor heard her when she said that she wanted to get off, and she made no further attempt to attract their attention. She testified that she then noted the speed of the train, and thought that she could alight safely. With a bundle in her hand she stepped down from the moving train to the platform. While doing this she observed that the train was moving faster than she had supposed, and to avoid falling she took hold of the rail of the car with her back to the engine, and was

thrown between the platform and the track. The momentary stoppage of the train when she was at the middle of the car was to allow a train moving in the opposite direction, which had reached the station, to discharge and receive passengers.

Under this evidence the court directed a verdict for the defendant, and to this the assignments of error relate.

The testimony left no doubt as to the facts. Upon the announcement of the name of the next station, and while the train was in motion, the plaintiff walked to the front platform of the car in which she was riding and stood there waiting for the train to stop. At the suggestion of the brakeman she crossed the platform to the next car, and while she was in that car the train stopped until another train had left the station, but was again in motion before she had reached the front platform. Supposing the station had been reached and the train would not stop again she spoke to the brakeman and conductor, who were standing within her reach, and failing to attract their attention she considered the chances of alighting from the train safely. She concluded she could do this, and attempted it by walking straight out from the steps of the car to the platform of the station. When it was too late she saw the danger, and added to it by taking hold of the railing of the car instead of that of the platform, thus placing her back to the engine and the direction of the motion of the train. When she fell she was within a car's length of the station, where the train stopped.

The train was stopped in the cut before reaching the station by the engineer for reasons that were wise and under the rules of the company imperative. It was not anticipated by the conductor or brakeman, nor was the reason for it at the time understood by them. They had not announced that the next stop would be at Stewart, but that the next station was Stewart; and while they knew that the plaintiff intended to leave the train, they had no reason to expect that she would get off until it stopped.

The plaintiff, then, was injured in getting off a moving train. She was neither requested nor directed to do this, nor led to do it by any negligent act of those in charge. The announcement of the next station by the conductor and brakeman, and the stopping of the train by the engineer before reaching the sta-

tion, doubtless induced the belief on her part that the station had been reached; but these were all proper acts properly done, and the least observation by her would have corrected her error. The request of the brakeman to pass from the rear car to a forward one was made in order that when she did alight she would be at the platform and avoid the mud, and it was in no sense a direction to get off. When it was made the train had not stopped, and he had no expectation that it would stop before the station was reached.

The conductor omitted no duty, unless the company was bound, after the unexpected stop, to give notice to passengers that the station had not been reached. Such a duty might have arisen if the passengers were then attempting to alight, as was the case in Penna. R. R. Co. v. White, 88 Pa. 327, where the plaintiff was led to believe that the station had been reached, and was injured after alighting from a standing train. While the train was standing the plaintiff in this case was in the middle of the car, and there was no occasion to warn her not to get off. When it was again in motion there was no reason to apprehend that she would attempt to alight, and no duty to watch over her and prevent her from so doing.

We are of opinion that the learned judge was right in withdrawing the case from the jury. The judgment is affirmed.