# John Kooyman *v*. Lotz and Company et al., Appellants.

*Negligence—Damages—Personal injuries—Practice—Excessive verdict—Abuse of discretion.*

In an action of trespass against a street railway company and the owners of a truck for damages for personal injuries, the evidence established that plaintiff, while riding in a trolley car, was injured by being thrown from his seat in a collision between the car and the truck. There was testimony that he was confined to his bed for a week with a contusion of both shoulders and a sprained neck, that he since suffered from insomnia and loss of weight and nervous shock, and that he was able to do only light work for two months. The injuries and suffering described, together with a doctor's bill of fifty dollars, were the only items of damage established.

In view of the amount of these injuries sustained by the plaintiff and the pain and suffering resulting therefrom a verdict of two thousand dollars is not so grossly excessive as to shock the judicial sense of justice, nor is the impropriety in allowing it to stand so manifest as to establish a clear abuse of discretion on the part of the trial judge in refusing to set it aside.

Argued October 21, 1927. Appeal No. 257, October T., 1927, by defendants from judgment of C. P. No. 2, Philadelphia County, December T., 1926, No. 1695, in the case of John Kooyman v. F. A. Lotz and Company and Philadelphia Rapid Transit Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, JR., J.

The opinion of the Superior Court states the facts.

Verdict for plaintiff for two thousand dollars and judgment thereon. Defendants appealed.

*Errors assigned* were the order refusing a new trial and the judgment of the Court.

*Philip L. Leidy,* and with him *Clarence J. Buck-*

man, *James F. Ryan* and *J. J. Caskie,* for appellants.
—The verdict was excessive: Gail v. Philadelphia, 273
Pa. 275; Goldman v. Mitchell-Fletcher Company, 285
Pa. 116.

*Victor Frey,* and with him *Augustus T. Ashton,* for
appellee, cited: Martin v. Letter, 282 Pa. 286.

OPINION BY GAWTHROP, J., December 15, 1927:

The only question presented is whether the verdict
was so exorbitant that the action of the court below
in permitting it to stand amounts to an abuse of dis-
cretion. The answer depends upon the amount and
character of the injuries sustained by plaintiff and the
pain and suffering resulting therefrom. The accident
happened October 11, 1926. The trolley car of one of
the defendants, in which the plaintiff was a passenger,
collided with a truck belonging to the other defendant
with such violence that the sheet iron at the front of
the trolley car was mashed in and the plaintiff was
thrown out of his seat and lit on his back upon the
floor. He pulled himself up into a seat, but was un-
able to walk and appeared to be on the verge of a col-
lapse. It was necessary to take him out of the car.
He was then taken to a hospital in an ambulance.
After lying in the accident ward for a half hour where
no doctor came to administer to him, he became "sick
at the stomach and got up to vomit" and walked to the
yard. When he saw a standing taxicab he took it and
went home and sent for his physician. He was con-
fined to his bed for a week. He then returned to his
work as a carpenter, but was able to do only light work
for two months. He testified that while he had been
well before the accident "it doesn't take much, even at
the present time, to throw me all out of gear." His
family physician testified that he had a contusion of
both shoulders, a sprain of the neck and suffered con-
siderable nervous shock; that he went to work against

his advice, and was still in a nervous condition at the time of the trial, May 19, 1927, which was manifested by his restlessness, insomnia, loss of weight, shakiness, fright and irritability. The only items of damage established were a doctor's bill of $50 and the physical injuries and pain and suffering above described. The amount of the verdict was $2,000.

After full consideration, we are not persuaded that the verdict was so grossly excessive as to shock the judicial sense of justice, and that the impropriety in allowing it to stand is so manifest as to establish a clear abuse of discretion on the part of the trial court in refusing to set it aside.

The judgment is affirmed.