Gallup *v.* Pittsburgh Railways Co., Appellant.

Argued September 27, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*E. W. Langfitt,* for appellant.—Under all the testimony in the case the charge of the court as to contributory negligence of the plaintiff was erroneous and inadequate.

It is the duty of the trial judge to explain to the jury what constitutes contributory negligence: New York, etc., R. R. Co. v. Enches, 127 Pa. 316.

Counsel for defendant performed his full duty by first calling the attention of the court to the inadequacy of the charge and by the subsequent entry of a specific exception: Weiss v. Rys., 240 Pa. 506.

If a guest, seated in the front seat of an automobile beside the driver, is injured by a collision between that vehicle and a street car, in a suit by the guest against the traction company, the court is justified in stating to the jury that he can see no evidence of contributory negligence where plaintiff's testimony and the physical facts show that he was well aware of the entire situation surrounding the accident and concurred with the action of the driver: Spear v. R. R., 119 Pa. 61; Berry v. Rys., 55 Pa. Superior Ct. 289.

*Walter L. Dipple,* for appellee.—The trial court was careful to charge that a guest passenger can be guilty of contributory negligence; and when he stated in this case that if the jury believed defendant's evidence they ought to find for defendant, he cured all of the defects in his charge about contributory negligence. This entirely disregards his later correction by telling the jury the case was for it and his later statements on contributory negligence and his requests for suggestions on the subject from appellant: Kilpatrick v. Traction Co., 290 Pa. 288; Loughrey v. R. R., 284 Pa. 267; Suchy v. Traction Co., 283 Pa. 533; Mellon v. R. R., 282 Pa. 39; Carbaugh v. Ry., 262 Pa. 25; Bickel v. R. R., 217 Pa. 456; Emmelt v. Transit Co., 89 Pa. Superior Ct. 417; Crenny v. Traction Co., 89 Pa. Superior Ct. 380; Ingraham v. Transit Co., 82 Pa. Superior Ct. 132.

OPINION BY MR. JUSTICE KEPHART, November 26, 1928:

Appellee sustained injuries while a guest in an automobile. According to his story, the car in which he was riding closely followed a large truck, and both were using the street car tracks. As they passed through a crowded section of the highway, both sides of which were obstructed by parked cars and moving vehicles, a street car, traveling towards them on the same track, was noticed 500 feet away. As the latter approached, the truck turned to the left to permit it to pass. The car in which appellee was riding was prevented from following the truck on that side, and endeavored to leave the tracks to the right. The street car, without slackening speed, crashed into the automobile as it was turning out of the way. The impact threw plaintiff and the driver out, severely injuring the former.

Defendant's version of the accident was quite different. It showed that the machine in which plaintiff was traveling was not in the car tracks but following the truck in the cartway. The driver of the machine endeavored to pass the truck, and darted from behind when the street car was a few feet away. As he turned onto the tracks he was almost instantly struck by the oncoming car. The jury did not believe defendant's story and a verdict for plaintiff followed. This appeal raises trial errors only.

The court below, in instructing the jury, said: "In this case there is no question of contributory negligence. It is not even claimed,—and it could not be very well claimed, because this plaintiff was a passenger in the automobile,—and it does not appear that he had any control of the car or anything to say about driving the car. I do not understand that there is any claim of contributory negligence, and the sole question as to the liability has reference to the operation of the street car on the part of the motorman. Was he negligent or was he not? If he was not, there is no liability; if he was, there is." At the conclusion of the charge, the court's atten-

tion was called to this instruction on contributory negligence, counsel saying: "It is always a question for the jury, as to contributory negligence, when a person is seated in an automobile, whether the party concurred in what the driver was doing, without protest. It is always a question, in cases of this kind, whether they are guests or not." The court had in its general charge instructed the jury that if defendant's story was true there was no liability.

The duty of a guest for his protection has been stated in Kilpatrick v. P. R. T. Co., 290 Pa. 288; Hill v. P. R. T. Co., 271 Pa. 232; and in Joseph v. Pittsburgh & West Virginia R. R. Co., 294 Pa. 315. If the plaintiff in this case was familiar with the surroundings, was in a position to observe what was going on, saw the street car advancing when 500 feet away and had opportunity to warn the driver of the danger of remaining on the track behind the truck, before or when he attempted to pass the car, as shown by plaintiff, or, as shown by defendant, on attempting to pass the truck, it was incumbent upon him to give that warning; if he failed, he was contributorily negligent. He could not sit idly by and permit the driver to take the chance: Alperdt v. Paige, 292 Pa. 1.

It is the duty of the court to explain to the jury what constitutes contributory negligence, and to instruct them that there can be no recovery if the accident resulted wholly or in part from such contributory negligence. Furthermore, it is not enough to make the bare statement that there can be no recovery if the party has been guilty of contributory negligence. The jury should be told the facts that constitute such negligence: New York, etc., R. R. Co. v. Enches, 127 Pa. 316, 323.

But even if the evidence entitled defendant to such an instruction, the difficulty with its case lies in what took place after the request for instructions on the subject. The court below, in response to that request, endeavored to give what was considered a comprehensive instruc-

tion, but in doing so stated only the active steps which the guest might negligently take. "To control," "to make suggestion," "to do some act to influence the driver to turn," "any act furthering the turning," were the possibilities suggested to the jury, indicating that the guest must do some positive act; the court omitted to mention that the same defense might arise from the passivity of the guest in sitting idly by, knowing that a danger was ahead, but failing to make a protest. Appellant again complained that the instruction was inadequate. The court below then said: "Well, if you will tell me what you want me to say on the subject, I will see if I can say it. I do not know anything else that I can say," finishing his statement by saying that he did not know of any evidence from which contributory negligence could be found. To this an exception was taken.

The record plainly evidences the fact that the court was endeavoring to meet defendant's wishes as to instructing the jury. His repeated request to outline the position required the defendant to give the court the benefit of his knowledge of the facts. When counsel, at the close of the charge, are requested by the court to correct errors appearing therein, they are bound to submit their position, so that the court may be given a fair chance to answer it. Counsel may not always be held to strict accountability where the question is one of law, as the court is supposed to know the law. But where questions are of fact, which this was, counsel must inform the court of the facts relied on. In the brief submitted to this court, appellant points out with great clearness its position. This should have been stated to the court below.

Appellant declares that "plaintiff was alive to what was going on about him; he saw the street car when the automobile in which he was riding was stopped at a crossing a square away; he was seated in the front seat in an open automobile, on the right hand side, where he had a better view of oncoming traffic than the driver;

he permitted himself to be driven for a considerable distance in such a position that neither the driver nor himself might see oncoming danger; he knew that the automobile was moving forward and he must have known that the street car was getting closer; he saw the sand truck slowly turning out,—this could not have been accomplished in less than twenty-five or thirty feet; as the truck was accomplishing this turn, this plaintiff, being on the right, was in an excellent position to see oncoming traffic......The traffic was moving slowly and there was no sudden emergency; there was plenty of time for the plaintiff to warn the driver. If he did not do so, but sat quietly by, he joined in testing the danger." This information, not in this precise language, could have been briefly given. It was the theory on which the defense built, as against the plaintiff's evidence. Instead, this answer was made by counsel: "I have tried to, but your honor has specifically told the jury you can see no element of contributory negligence in this case, so there is no use of my trying to go any farther. I will just stand on my exception." Under such circumstances, the court below cannot be convicted of the error complained. A new trial should not be granted.

The judgment of the court below is affirmed.