Filer *v.* Filer, Appellant.

462

Argued September 30, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

W. *Walter Braham,* of *Aiken & Braham* and *Brockway & Whitla,* for appellant.—The lower court erred in refusing judgment n. o. v.: Bloom v. Bailey, 292 Pa. 348; Ferrell v. Solski, 278 Pa. 565; Simpson v. Jones, 284 Pa. 596.

It nowhere appears in the evidence what the age of the decedent was. The failure to prove this fact was fatal to any recovery for the value of the wife's life: P. R. R. v. Keller, 67 Pa. 300; Buckman v. R. R., 227 Pa. 277; McHugh v. Schlosser, 159 Pa. 480; P. R. R. v. Butler, 57 Pa. 335; Gorman v. Braham's Sons, 298 Pa. 142; Buck v. Cab Co., 75 Pa. Superior Ct. 440.

The verdict was excessive: Murphy v. R. R., 292 Pa. 213.

The lower court erred in failing to charge the jury as to what facts would constitute contributory negligence of the decedent: Gallup v. Ry., 295 Pa. 203; Kilpatrick v. Transit Co., 290 Pa. 288; Hill v. Transit Co., 271 Pa. 232.

*W. C. Pettit,* for appellee.—The driver of an automobile on a highway on a dark and stormy night must have his car under such control that he may stop or turn it away when objects intercepting his passage come within range of lights from his lamps, otherwise he is negligent: Wilton v. Murphy, 31 Pa. Dauphin Co. R. 310.

The court properly instructed the jury that they might allow damages for the money value of decedent's life.

The verdict was not excessive: P. R. R. v. Goodman, 62 Pa. 329; McArdle v. Rys., 41 Pa. Superior Ct. 162.

Plaintiff presented a case free from contributory negligence.

OPINION BY MR. JUSTICE WALLING, November 24, 1930:

Plaintiff brought this suit to recover damages for himself and children on account of the death of his wife, averring that it was caused by the defendant's negligence. This appeal is by the latter from judgment entered on a verdict for plaintiff. The parties resided in Mercer and, on November 26, 1926, the defendant drove his seven passenger touring car to Pittsburgh, having as his guest, inter alia, the plaintiff's wife, Gertrude Z. Filer. During the return trip that evening and on the paved highway known as the Butler Pike, defendant so drove his car that it collided with a truck headed in the same direction, which had just stopped on the right side of and partly on the pavement. The night was dark and raining, with some fog, and defendant contends he was

unable to see the truck until within fifteen or twenty feet, when he turned to the left, but the right side of his car was crushed by contact with the rear of the truck. Plaintiff's wife, who was seated on the right side of the rear seat, was instantly killed. The highway, approaching the truck, was straight and defendant was driving, as he testified, thirty miles an hour, then the maximum lawful speed. Defendant's headlights were burning; there was also a red light under the rear end of the truck, which defendant said he did not see, and whether he could have seen it was not clear.

The defendant was required to use ordinary care for the safety of his guest (Farrell v. Solski, 278 Pa. 565), but was not an insurer (Simpson et ux. v. Jones, 284 Pa. 596), and the mere fact of the accident would not charge him with negligence. A chauffeur, however, must keep in mind that an obstacle may appear in his path and so drive his car as to be able to avoid it, under ordinary circumstances. There was no other vehicle near, and defendant had ample room to avoid the truck. The jury were warranted in finding that the accident resulted from too high speed or negligent control of the car. What would be safe speed in daylight might be very unsafe in a dark and stormy night. A car should be so driven that it can be stopped within the range of its lights. And that is true even when the range is shortened by storm or darkness or both. We hold in Serfas v. Lehigh & New Eng. R. R. Co., 270 Pa. 306 (page 308), that "It is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision." See also Wilton v. Murphy et al., 31 Dauphin Co. R. 310. Driving at thirty miles an hour where a truck or other like object can not be seen over fifteen or twenty feet is evidence of negligence, as

is also the failure to discover the obstruction at a greater distance from inattention or to avoid it from lack of proper control. In any aspect of the case the question of the defendant's negligence was for the jury.

The trial judge instructed the jury in effect that if the injury resulted from the defendant's negligence there might be a recovery unless the injured party was guilty of contributory negligence, but failed to define that term or to explain what conduct on part of the guest would constitute it. This was an inadequate presentation of the subject (Gallup v. Pittsburgh Rys. Co., 295 Pa. 203; New York, etc., R. Co. v. Enches, 127 Pa. 316), but harmless, as the record discloses no evidence of contributory negligence. Mrs. Filer occupied the rear seat with no opportunity to control the car or the driver and the presumption that she conducted herself with due regard for her own safety is not rebutted by a word of proof or circumstance in the case. It is, therefore, unnecessary to refer to our cases as to the duty of a passenger in an automobile. No effort was made at the trial to establish this defense or request to instruct the jury upon it.

The verdict, while large, is not so excessive as to warrant our interference. In Scott v. American Express Co., 257 Pa. 25, it is stated: "We have repeatedly said that the question of the amount of the verdict would be reviewed only in cases where so grossly excecssive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside." This is reaffirmed in Gail v. Phila., 273 Pa. 275, and in other recent cases. Mrs. Filer was a college graduate, the wife of the secretary and treasurer of a coal company, in good health and in her prime, an excellent wife and mother whose financial loss to the home was far greater than the wages of a servant. As stated by Mr. Justice AGNEW, in P. R. R. Co. v. Goodman, 62 Pa. 329 (page 339) : "The frugality,

industry, usefulness, attention, and tender solicitude of a wife and the mother of children, surely make her services greater than those of an ordinary servant, and therefore worth more. These elements are not to be excluded from the consideration of a jury in making a mere money estimate of value." The trial judge properly instructed the jury to allow only for the financial loss.

True, plaintiff, by an oversight, omitted proof of his wife's exact age, but from all the circumstances the jury could conclude that her approximate age was near that of her husband; in fact, as stated at bar, she was a year younger than he. The evidence shows she graduated from Wilson College in 1908, was married in 1911, and left three children, three, eight and thirteen years of age at the time of her death, and that her husband was then forty years of age. It has often been said that in such case the age of the deceased should be shown (Buckman v. Phila. & Reading Ry., 227 Pa. 277; 8 R. C. L., page 868), but so far as we know, the proof of actual age has never been held absolutely necessary to a recovery. It would be shocking to deny young children redress for the loss of their mother because of inability to prove her exact age. Furthermore, the question of the age of the deceased was not raised at the trial, and is not in any assignment of error. Binding instructions could, of course, not be given on that ground, because of the funeral expenses, if for no other reason. At most, it went to the question of damages, and neglect to prove that Mrs. Filer was thirty-nine years of age when she met her death, did the defendant no possible harm.

The judgment is affirmed.