## Williams v. Pennsylvania Railroad Company, Appellant.

Argued May 6, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*Abe R. Cohen,* with him *Levy & Crone* and *Leo Kostman,* for appellee.

PER CURIAM, July 15, 1937:

The only question presented on this appeal is whether the verdict in favor of the plaintiff is so excessive as to require that the judgment be set aside and a new trial granted.

The point was raised in the court below and argued before the trial judge and two other judges, and subsequently, was reargued before the trial judge and two different judges, and all five judges concurred in refusing a new trial.

The plaintiff, a widow fifty-six years old, was injured by the negligence of defendant's employees. The injuries consisted of bruises and abrasions of her legs, resulting in traumatic periostitis of the right tibia, a hemorrhage between the periosteum and the bone, with

swelling, tenderness and much pain, and a tearing of the posterior crucial ligament of the knee joint, that is, the ligament inside the knee joint. She suffered considerable pain and will likely suffer pain and some disability from time to time as long as she lives. She was under treatment by a physician for about five weeks, who baked the knee with an infra-red lamp thirteen times and kept it strapped and bandaged, and was of opinion that the ligament possibly never would reattach itself where it had been torn loose.

The fact that during this period her employer generously paid her full wages did not affect the liability of the defendant to pay adequate damages for her pain and suffering and for the permanent injury to her leg, as well as her medical expenses: *Piper v. Adams Express Co.*, 270 Pa. 54, 113 A. 562.

Where the court below has, in effect, decided that the verdict was reasonable in the light of the evidence, by its refusal to find that the verdict was so excessive as to require the granting of a new trial, an appellate court will not reverse unless, in its opinion, the verdict is so grossly excessive as to shock the court's sense of justice: *Quigley v. Penna. Railroad Co.*, 210 Pa. 162, 59 A. 958; *Kooyman v. Lotz & Co.*, 92 Pa. Superior Ct. 68.

After full consideration of the case we are unable to find that the verdict was so grossly excessive as to require us to overrule the judgment of the five judges who passed upon the matter in the court below and find them guilty of an abuse of discretion in refusing a new trial on that ground: *Scott v. American Express Co.*, 257 Pa. 25, 101 A. 96; *Filer v. Filer*, 301 Pa. 461, 152 A. 567.

Judgment affirmed.