# Pennsylvania Railroad Company *versus* Garvey.

A., with his wife and another woman, approached a railroad crossing where there were five tracks. The party stopped, looked and listened, but neither saw nor heard any approaching train. Thereupon they started across, the women a little ahead, carrying an umbrella. When the women got on the fourth track they saw a passenger train approaching close upon them. They hurried over and were uninjured. A., just behind them, was struck by the engine and killed. The track was straight for some distance each side of the crossing. There was a freight train standing just above the crossing, on the fifth track, with an engine attached, from which were issuing smoke and steam. The evidence was conflicting as to whether the bell was rung or whistle blown on the passenger engine. In an action by A.'s wife against the company for damages :

*Held*, That the question of A.'s negligence was one of fact for the jury, and that the court committed no error in refusing to charge, as a matter of law, that A. was guilty of contributory negligence.

January 19th, 1885.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, GREEN, and CLARK, JJ.   STERRETT, J., absent.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of January Term, 1884, No. 281.

Case by Margaret Garvey against the Pennsylvania Railroad Company to recover damages for the death of her husband, Michael Garvey, who was run over by one of the defendants trains.

On the trial, before BIDDLE, J., the following facts appeared:  On Sunday, December 4th, 1881, Michael Garvey,

12 OUTERBRIDGE—24

'with his wife, and one Mrs. Gallagher, while returning from church together, walked down Walnut street in Bristol toward their homes, to the crossing of said street and the Pennsylvania Railroad. At this point there were five tracks and the crossing was at grade. The party stopped, and all looked and listened but neither saw nor heard any train approaching. They saw a freight train with an engine attached standing upon the track furthest from them, a short distance above the crossing; but finding that this was not running, they all started to cross. The two women were ahead holding an umbrella, as it was raining, and Michael Garvey followed a short distance (two or three yards according to one witness) behind them.

When the women reached the fourth track they looked up and saw a passenger train close upon them on that track. They hurried across and were not injured, but Michael Garvey, who followed after them, was struck by the train and killed. The track was straight for some distance each side of the crossing, although the view may have been somewhat obscured by steam from the freight engine. There was some conflict in the evidence as to whether there was any bell rung or whistle blown on the passenger engine.

The defendants ask the court to charge:

1. That " under the evidence in this case the verdict should be for the defendant." Refused.

3. " The evidence shows that the deceased attempted to cross the track in front of an advancing locomotive, the approach of which was, or could have been seen. Under such circumstances, the deceased was guilty of negligence, and the plaintiff cannot recover." Refused.

Verdict for the plaintiff in the sum of $4,000, and judgment thereon. Whereupon the defendants took this writ, assigning for error the refusal of their points.

*Wayne MacVeagh*, for plaintiffs in error.—When a person sees a locomotive advancing, and has time to escape from it, it is negligence on his part to attempt to cross the track in front of the locomotive, and this irrespective of whether there is any warning given by ringing the bell or blowing the whistle: Davey *v.* London & S. W. R. R. Co., 12 L. R., Q. B. Div., 70 ; Carroll *v.* Pennsylvania R. R. Co., 12 W. N. C., 348. " It is in vain for a man to say that he looked and listened, if, in spite of what his eyes and ears must have told him, he walked directly in front of a moving locomotive." Cases *supra*.

Nor does it make any difference that a person is actually on the railroad, before he sees the approaching locomotive, provided he has not reached the track upon which the locomotive is coming: Holland *v.* Chicago, M. & St. Paul R. R. Co., 18

Fed. Rep., 243. The uncontradicted testimony was that the train was in full view before the decedent stepped upon the track upon which it was approaching. He was from six to nine feet away from it. No train was approaching or within sight upon the track on which he was standing. He could have escaped altogether, either by remaining where he was or by stepping back.

*C. F. Warwick* (with whom were *D. H. Ross* and *James Harland*), for defendant in error.—In Holland *v.* Chicago, M. & St. Paul R. R. Co., 18 Fed. Rep., 243, a foot passenger, waiting only until a freight train had passed, stepped upon the next track and was struck by a train coming in the opposite direction, the approach of which was concealed from view by the first-mentioned train.

It is submitted that this case has no bearing upon that under consideration, as the circumstances were not the same. Even if they were, the question as to whether such conduct amounts to contributory negligence was one for the jury to determine, and was so decided by this court in Phila. & Read. R. R. *v.* Carr. 3 Out., 505, a case almost identical with that cited by the plaintiff in error.

The other case cited by plaintiff in error (Carroll *v.* Penna. R. R. Co., 12 W. N. C., 348), merely reiterates the well-known rule that a passenger upon reaching a railroad crossing must stop, look up and down, and listen, and that it is in vain for him to say that he conformed to that rule if at the time the approaching train was visible. In that case, too, it was shown that at the very moment the plaintiff looked the train was in view and was seen by other witnesses.

Now, in the case at bar it was clearly shown that when Mrs. Garvey, Mrs. Gallagher, and Michael Garvey reached the crossing they stopped, looked up and down the tracks, and neither heard nor saw any train approaching. Not a single witness claimed to have seen a train coming at that time, nor was there any evidence whatever to show that the train was visible from their position.

Garvey was only bound to observe what under all the circumstances was ordinary care. The day the accident happened was rainy, the smoke and steam from the standing freight engine partially obscured the view of the other tracks, and the noise made by this engine tended to prevent people from hearing the approach of the passenger train. Garvey and the two women, having assured themselves by looking and listening, that there was no train approaching, started to cross, and could not be reasonably expected to perceive the approach of another train, and at the same time watch the standing train and

[Wright *v.* Darlington; Runk & Co.]

pick their way over the tracks. · Particularly as the approaching train gave no warning and there was no flagman at the crossing to warn them: · Pitts. Ft. W. & C. R. R. *v.* Dunn, 56 Pa. St., 280 ; Penna. R. R. *v.* Ogier, 35 Pa. St., 60.

Chief Justice MERCUR delivered the opinion of the court, February 2d, 1885.

Neither assignment of error is sustained. Under the evidence the question of contributory negligence was properly for the jury. At the place where Garvey attempted to cross there were five tracks. There is evidence that on coming to the railroad, with his wife and another woman, they stopped, looked and listened, and saw no sign of an approaching train and heard no locomotive. They started across the tracks, the women a little ahead of Garvey, the women crossing safely. In crossing the fourth track just behind them, he was struck by a passing train and killed. It cannot be declared as a rule of law that he must stop, look and listen between the different tracks lying close to each other. Indeed to so stop instead of hastening to cross all of them, might have been evidence of negligence. He did not stop the second time to listen. Whether it was less dangerous to move continuously across the tracks, than to loiter between them was a question for the jury. Naturally solicitous for the safety of his wife, who was a little in advance of him, and intent on getting her out of danger, he may not have given as much thought to protecting himself from the rapidly approaching train as he otherwise could have done. If so however it cannot be held to be negligence in law. The jury to which the case was submitted is the proper tribunal to determine whether it was negligence in fact.

Judgment affirmed.