# Scott, Administratrix, *v.* American Express Co., Appellant.

*Evidence—Witnesses—Testing credibility — Scope of cross-examination—Former testimony of witness—Objection—Reasons—Rights on appeal—Practice, Supreme Court.*

1. The credibility of a witness may be impeached if he previously made statements inconsistent with or contradictory to his present testimony, and this includes inconsistent statements made in pleadings in the causes; but to constitute ground for discrediting a witness the omission must be made at a time when the occasion was such that he was called upon to make the disclosure.

2. Where in an action against an express company to recover for injuries sustained by an employee in consequence of the defective condition of the brakes and steering apparatus of one of defendant's motor trucks on which plaintiff was riding as a helper, the defense was that the accident was caused by the intoxication of the driver, a fellow servant, and defendant's superintendent testified that he visited the driver two hours after the accident and that he then showed signs of having been drinking, it was reversible error to permit the witness to be cross-examined as to whether he had not sworn to answers in an action brought by the driver in the Municipal Court of Philadelphia County arising out of the same accident and that such answers had said nothing about the driver's having been intoxicated, where it appeared that under the rules of that court the facts constituting the defense in such case were not required to be stated in the answer.

3. Where the objection to such cross-examination was first made merely on the ground that such evidence was not introduced in plaintiff's case, but where subsequent comment of the trial judge and counsel for the plaintiff clearly indicated that the cross-examination was for the purpose of testing the credibility of the witness and a general objection to the question followed such comment, the record is not clear as to the ground upon which the objection was based, and the rule that on appeal a party complaining of the admission of evidence in the court below will be confined to the specific objection there made, is not applicable.

*Damages—Excessive verdict—Review—Act of May 20, 1891, P. L. 101—Practice, Supreme Court.*

4. The question of the amount of a verdict will be reviewed by the Supreme Court under authority of the Act of May 20, 1891, P. L. 101, only when so grossly excessive as to shock the sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion of the lower court in refusing to set it aside.

Argued Jan. 12, 1917. Appeal, No. 170, Jan. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 268, on verdict for plaintiffs, in case of Elizabeth Scott, Administratrix of the Estate of Joseph P. Scott, deceased, and Elizabeth Scott, Administratrix of Edward A. Scott, deceased, v. American Express Company, a corporation. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

Plaintiff's injuries consisted of compound fractures of both legs above the knees, lacerations and bruises of the scalp, arms and back. Two unsuccessful operations were performed to secure unions of the fractures of the legs. Plaintiff suffered extreme pain except when under the influence of opiates, and died as a result of such injuries over four months after the accident.

Further facts appear in the opinion of the Supreme Court.

Verdict for plaintiff as administratrix of the father's estate for $1,717, and as administratrix of the son's estate for $12,540 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and in refusing a new trial.

*John Lewis Evans* and *John G. Johnson,* with them *Thomas DeWitt Cuyler,* for appellant.—The cross-examination of the witness Julier for the purpose of affecting

his credibility was reversible error: Jackson v. Litch, 62 Pa. 451; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35; Charles Warner Co. v. Exeter Mach. Works, 58 Pa. Superior Ct. 477; American Steamship Co. of Philadelphia v. Landreth, 102 Pa. 131; Brigham v. Fayerweather, 140 Mass. 411 (5 N. E. Repr. 265); Com. v. Hawkins, 69 Mass. 463; Dickerson v. Dickerson, 50 Mich. 37 (14 N. W. Repr. 691); Huebner v. Roosevelt, 7 Daly (N. Y.) 111; Ranken v. Donovan, 115 N. Y. App. Div. 651 (100 N. Y. Supp. 1049).

A prior opinion of Julier that Carey was sober could not be used to impeach his testimony as to the fact that his breath smelled of liquor: Holmer v. Anderson, 18 Barb. (N. Y.) 420; Sloan v. Edwards, 61 Md. 89; Central Ry. Co. v. Allmon, 147 Ill. 471 (35 N. E. Repr. 725); McFadin v. Catron, 120 Mo. 252 (25 S. W. Repr. 506).

*Francis M. McAdams,* with him *William H. Wilson,* for appellee.—The cross-examination of the witness Julier was proper: Huoncker v. Merkey, 102 Pa. 462; Monongahela Water Co. v. Stewartson, 95 Pa. 436; Allen v. Line, 11 Pa. Superior Ct. 517; Travis v. Brown, 43 Pa. 9; Commonwealth v. Mosier, 135 Pa. 221.

OPINION BY MR. JUSTICE FRAZER, March 5, 1917:

This action was brought by Joseph P. Scott, a minor, and Edward A. Scott, his father, to recover damages for injuries sustained by the former, as a result of alleged negligence of defendant in permitting the brakes and steering apparatus on a motor truck, on which the minor was riding in the discharge of his duties, to become out of order and remain in a state of disrepair, which resulted in the machine becoming unmanageable in descending a street with some grade, and striking a telephone pole located along the highway. Joseph P. Scott died as a result of his injuries, and, upon the subsequent death of his father, Elizabeth Scott prosecuted the action to judgment as administratrix of their estates.

The deceased minor was employed by defendant to ride on its trucks and assist drivers in handling and guarding express packages. The defense was that the accident was caused by the negligence of the driver, who, according to the evidence, had been drinking and was in an intoxicated condition at the time; which fact was known to young Scott. The trial judge submitted the case to the jury, in a charge to which no complaint is made, and there was a verdict on behalf of the father's estate for $1,717, and on behalf of the estate of the minor for $12,540. A motion for a new trial was dismissed by the court below, and defendant appealed.

We deem it unnecessary to refer in detail to the circumstances of the accident, since the only questions argued before this court were as to the correctness of the action of the court in admitting certain evidence to impeach the credibility of one of defendant's witnesses, and whether or not the verdict on behalf of the minor's estate was excessive.

Superintendent Julier, of defendant company, testified to visiting the hospital within two hours after the accident, and, in reply to a question by his own attorney, stated he saw Carey, the driver, at that time and his breath smelled as if he had been drinking. On cross-examination by plaintiff's counsel he was asked whether he had not sworn to and signed answers in actions by the driver and another person against defendant in the Municipal Court involving the same accident. Upon objection being made, counsel for plaintiff stated he wished to test the credibility of the witness, whereupon the objection was overruled. The witness then admitted he had signed and sworn to the papers, and that they contained no statement to the effect that the driver had been drinking, or was intoxicated. Defendant contends this testimony was improperly admitted and was extremely prejudicial to it, owing to the fact that the jury as laymen were likely to place undue weight on the omission, whereas, in fact, such omission was unimportant, and

the statement unnecessary as a part of the pleadings in the case.

The rule is well settled that the credibility of a witness may be impeached by showing previously-made statements inconsistent with, or contradictory to, his present testimony, and this includes inconsistent statements made in pleadings in the causes: Henry's Penna. Trial Evidence, Section 65, and cases cited; Floyd v. Kulp Lumber Co., 222 Pa. 257; 2 Wigmore on Evidence, Section 1066. To constitute grounds for discrediting a witness, however, the omission must be made at a time when the occasion was such that he was called upon to make the disclosure. It is only where the witness on a previous occasion was under some duty to speak the whole truth concerning the matter about which he now testifies that impeachment becomes permissible by showing an omission to state certain material facts included in his testimony: Royal Insurance Co. v. Beatty, 119 Pa. 6; Huston's Estate, 167 Pa. 217. Consequently, in considering the competency of the evidence offered for the purpose of impeaching the witness, the scope of the answers filed in the Municipal Court of Philadelphia should be considered. Rule 7 of that court provides that an answer shall contain an admission or denial of each fact averred in the statement of claim, and that all facts not denied by defendant, or of which he does not aver himself to be ignorant, shall be deemed to be admitted. This rule does not require defendant to state the facts constituting his defense, but merely to either admit or deny those averred in the statement of claim. We have no knowledge of the contents of the statements of claim referred to, as they are not printed in either paper book, and nowhere in the record does it appear that the question of intoxication was raised in the declaration in either case. The answers in question admit the happening of the accident, but deny that either the brakes or steering apparatus were defective or out of order, or that the accident was the consequence of the failure of these parts of the truck

to properly work, or of anything else for which defendant was responsible. No necessity appears for the assertion or denial of the charge that the driver had been drinking previous to the happening of the accident.

The formal pleadings in a case are drawn by attorneys in technical language, and contain only such averments of facts as in the opinion of the attorneys are material to make out a prima facie case. They, therefore, do not purport to be a complete history or recital of all the facts of the transaction, and no unfavorable inference should be drawn from the failure to include details which are the natural and usual parts of the proof, rather than of the pleadings in the case. For these reasons it was error to permit the use of the answers, filed in the Municipal Court cases, in attacking the credibility of the witness.

Plaintiff claims the evidence was objected to solely on the ground that it should have been introduced as a part of plaintiff's case; that this objection conceded its relevancy, and, under the familiar rule, that a party complaining, on appeal, of the admission of evidence, in the court below, will be confined to the specific objection there made: Morgan v. Gamble, 230 Pa. 165; Roebling's Sons Co. v. American Amusement & Construction Co., 231 Pa. 261. An examination of the record fails to convince us that this rule should be applied in the present case. When the papers were handed to the witness, Julier, defendant's counsel made the following objection: "I object to any evidence in regard to these papers, unless it is introduced as part of plaintiff's case." The trial judge then said: "It goes to the credibility of the witness, I understand. Is that the purpose?" Plaintiff's counsel replied: "That is the purpose entirely." The court, thereupon, overruled the objection, but no exception was taken to the ruling at this point. After a preliminary examination of the witness the record shows the following: "Q.—In those affidavits you didn't say a word, did you, as to Carey [the driver] being drunk or as to having a smell of intoxicating liquor on him? (Ob-

jected to by counsel for defendant). (Objection over-ruled; exception to defendant). A.—No." While the objection first made relates to the order of the admission of the evidence, the comments of the court and counsel for plaintiff clearly indicate the evidence was offered for the sole purpose of testing the credibility of the witness, and the general objection following that, upon which the exception was founded, may well have been based upon that ground. It is sufficient to say that the record is not clear or specific on this point, and in that case the rule invoked by appellee will not be applied: Kuhn v. Ligonier Valley R. R. Co., 255 Pa. 445. It follows that the first assignment of error must be sustained.

The other question involved is whether or not the damages awarded are excessive, or whether the court below abused its discretion in refusing to cut down the verdict, or allow a new trial. Since the passage of the Act of May 20, 1891, P. L. 101, giving this court power to set aside verdicts deemed to be excessive, we have repeatedly said that the question of the amount of the verdict would be reviewed only in cases where so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court below in refusing to set it aside: Quigley v. Penna. R. R. Co., 210 Pa. 162; Reed v. Pittsburgh, Carnegie & Western R. R., 210 Pa. 211; Dunlap v. Pittsburgh, Harmony, Butler & New Castle Ry. Co., 247 Pa. 230. In view of the nature of the injury, the pain and suffering endured, and all the circumstances of the case, it cannot be said the verdict in this case is so excessive as to warrant our interference upon that ground.

The judgment is reversed with a new venire.