# Smyth *v.* Philadelphia & West Chester Traction Company, Appellant.

*Negligence—Street railways—Failure to give warning—Speed—Contributory negligence—Presumption—"Stop, look and listen."*

1. A verdict and judgment against an electric street railway company for personal injuries to a pedestrian, will be sustained, where the evidence for plaintiff tends to show that the plaintiff approached a grade crossing of defendant's railway on a foggy night; that before crossing the rear track she stopped, looked and listened; that as she cleared the second track, she was struck by the overhang of an electric car; that there was a curve at the point, so that the headlight of the car did not light up the track far in advance; that there were no gates, bell or watchman at the crossing; that the car was running at a rate of about fifteen miles per hour; and that no signal or warning was given of its approach.

2. In such a case the mere fact of the accident did not convict plaintiff of contributory negligence. The presumption is that she used due care.

3. The absence of watchman, bell or gate at a grade crossing, requires of a motorman a greater burden of care; and this is especially the case on a foggy night.

4. One who stops and looks before crossing a railroad is presumed to listen.

5. A pedestrian who has stopped before crossing the first track, is not required again to stop between the tracks, but must continue to use care.

Argued Jan. 13, 1919.   Appeal, No. 96, Jan. T., 1919, by defendant, from judgment of C. P. No. 4, Philadelphia Co., March T., 1916, No. 3458, on verdict for plaintiff in case of Mary E. Smyth v. Phila. & West Chester Traction Co.   Before Brown, C. J., Moschzisker, Frazer, Walling and Kephart, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before Finletter, J.

At the trial it appeared that plaintiff suffered from a crush of the right leg, which had to be amputated, from a fracture of the right shoulder and from a fracture of one of the bones in the forearm, as well as lacerated wounds of the head and shoulder and suffered from the loss of blood and from shock.

Verdict and judgment for plaintiff for $24,800.' Defendant appealed.

*Error assigned,* among others, was in overruling defendant's motion for judgment n. o. v.

*David J. Smyth* and *William I. Schaffer,* for appellant.—The facts being undisputed and disclosing no negligence on the part of the defendant, but disclosing negligence on the part of the plaintiff, it is for the court to direct a verdict for the defendant: Lonzer v. Lehigh Val. R. R. Co., 196 Pa. 610; Hamilton v. Central R. R. of New Jersey, 227 Pa. 137; Schley v. S. & N. Y. R. R., 227 Pa. 494; Underwood v. Pittsburgh Rys. Co., 238 Pa. 332; Walters v. American Bridge Co., 234 Pa. 7; Lerch v. Hershey Transit Co., 246 Pa. 473, 476; Milligan v. Phila. & Reading Ry. Co., 261 Pa. 344; McGovern v. Union Traction Co., 192 Pa. 344; Nugent v. Traction Co., 181 Pa. 160; Krenn v. Pittsburgh, etc., Ry. Co., 259 Pa. 443; Rauscher v. Phila. Traction Co., 176 Pa. 349; Borofsky v. W. Jersey & Seashore R. R. Co., 65 Pa. Superior Ct. 389.

A pedestrian has the advantage of power to control his actions instantly. By reason of its weight, velocity, and momentum, a street car cannot be so controlled. This fact a person approaching a crossing must take into consideration, and so must the court, upon the inquiry as to whether he has been reasonably careful: Moore v. Penna. R. R. Co., 242 Pa. 541; Waltosh v. Penna. R. R. Co., 259 Pa. 372; Kinter v. Penna. R. R. Co., 204 Pa. 497.

It is the duty of a traveler about to cross a street railway to listen where for any reason the view of an approaching car is obstructed: Dix v. Ridge Ave. Pass. Ry. Co., 15 Pa. Superior Ct. 350; McCauley v. Phila. Trac. Co., 13 Pa. Superior Ct. 354; Jones v. Greensburg J. & P. Ry. Co., 9 Pa. Superior Ct. 65; Trout v. Altoona & L. V. E. Ry. Co., 13 Pa. Superior Ct. 17.

*Paul Reilly,* for appellee.—The case was for the jury: Moore v. Penna. R. R. Co., 242 Pa. 541; Waltosh v. Penna. R. R. Co., 259 Pa. 372; Milligan v. Phila. & Reading Ry. Co., 261 Pa. 344; Wingert v. Phila. & R. Ry. Co., 262 Pa. 21; Wanner v. Phila. & Reading Ry. Co., 261 Pa. 273; DiGrazio v. Penna. R. R. Co., 261 Pa. 364; Hicks v. Altoona & Logan Valley El. Ry. Co., 258 Pa. 148; Miller v. Lehigh R. R. Co., 58 Pa. Superior Ct. 558; Lehigh Valley R. R. v. Brandtmaier, 113 Pa. 610; Simons v. Phila. & R. Ry. Co., 254 Pa. 507; Gerg v. Penna. R. R. Co., 254 Pa. 316; Crane v. Penna. R. R. Co., 218 Pa. 560; Powell v. Bessemer & L. E. R. R. Co., 65 Pa. Superior Ct. 315; Atlantic Ref. Co. v. N. Y. C. & S. L. R. R. Co., 67 Pa. Superior Ct. 320; Haughey v. Pittsburgh Rys. Co., 210 Pa. 363.

OPINION BY MR. JUSTICE WALLING, February 10, 1919:
This suit is the result of a grade crossing accident. Defendant's system of electric railway extends westwardly from Philadelphia to Media, passing through Drexel Hill in Delaware County where it has two tracks,

that to the north being west bound.  About 800 feet west of its Drexel Hill station Rosemont avenue passes over the tracks at grade, as does Huey avenue some 600 feet further west.  Plaintiff, who was forty-three years of age, resided with her brother on the west side of Rosemont avenue just south of the tracks and was employed in Philadelphia.  On the evening of December 17, 1915, she was returning home in company with two of her brothers.  They alighted from a westbound car at the Drexel Hill station and walked west along the north side of the tracks on Hillcrest avenue, to Rosemont avenue; and, because of the slush, went in single file, plaintiff between her brothers.  It was about seven o'clock and by reason of a dense fog they became separated; the brother in advance crossed the tracks by the foot walk on the west side of Rosemont avenue, and the sister attempted to do likewise but as she cleared the second track was struck and very seriously injured by the overhang of one of defendant's eastbound cars.  The other brother safely crossed on the east side of the avenue. The tracks at this crossing are on a curve, the outer side of which is to the south, so that the headlight of an approaching car does not light up the track far in advance.  While the view to the west is open as far as Huey avenue, at that time, because of the thick fog, which admittedly prevailed, an approaching car could be seen only for a short distance.  The grade there descends slightly to the east and the car ran about 100 feet after the accident.  Plaintiff's evidence tends to show that no warning was given of the car's approach to the crossing, and the evidence justifies the conclusion that it was moving at least fifteen miles an hour.  There were no gates, watchman or bell at this crossing, and it was not a stopping place for the cars.  Defendant's evidence does not indicate with definiteness that any warning was given of this car's approach, between the sounding of the whistle at Huey avenue and the moment of the accident. The question of speed becomes important because of the

fog, the curved track and unprotected condition of the crossing.

Plaintiff testified that she stopped, looked and listened just before stepping on the westbound track, and did the same again at about the middle of that track, then passed over the space (about six feet) between the tracks and was struck, as above stated, just as she cleared the last rail of the eastbound track. The presumption is that she used due care and the contrary is not conclusively shown. It is not clear that the car was visible when she committed herself to the crossing or that she then knew or should have known of its approach. There is evidence that the only sound made by the car was a rumble as it came to the crossing, and that the vision of the headlight was greatly limited by the fog. Under such circumstances the mere fact of the accident does not necessarily convict plaintiff of contributory negligence. The case was submitted to the jury, and this appeal by defendant is from judgment entered on a verdict for plaintiff.

The question of signals depended on parol evidence. Assuming the accuracy of that offered for defendant, it still could not be affirmed as matter of law that adequate warning was given under the circumstances. The jury might well find that in the fog and darkness the crossing was not sufficiently safeguarded by the blasts of a whistle sounded nearly six hundred feet away and that no other warning was given. The trial judge charged the jury that while the law did not require the defendant to maintain a watchman, gates or bell at the crossing, the absence thereof imposed a greater burden of caution on the motorman. That is undoubtedly true, for under such circumstances the entire duty of safeguarding the public as well as his own car at the crossing rested upon him. He was bound to exercise due care under the circumstances, and the fact that he had no assistance in safeguarding the crossing was a circumstance for the consideration of the jury: see Pennsylvania R. R. Co.'s Case, 213 Pa. 373; Gerg v. Pennsylvania R. R. Co., 254

Pa. 316. There was no error in charging the jury that it was the duty of the motorman to conduct himself as a prudent man would under the circumstances and in effect that the master was liable for his negligence.

Our attention is called to the rule requiring the traveler to continue to look and listen while crossing the tracks. The rule is sound, but there is a presumption, not here rebutted, that plaintiff did so; which is strengthened by the affirmative evidence that she stopped twice for that purpose. We cannot assume that one who had taken such precaution would at once cease to use her sense of sight and hearing. Her failure to state expressly that she continued to look and listen does not prove the contrary, and the burden there is upon the defendant. One who stops and looks before crossing a railroad is presumed to listen: Waltosh v. Penna. R. R. Co., 259 Pa. 372, 376; Penna. R. R. Co. v. Werner, 89 Pa. 59, 65; and one who stops, looks and listens twice before crossing a street car track is entitled to the presumption of continued vigilance.

The statement in the charge that the rule did not require the traveler, who had stopped before crossing the first track, to stop again between the tracks, was right: Penna. R. R. Co. v. Garvey, 108 Pa. 369, 372; and see also Waltosh v. Penna. R. R. Co., supra; Benner v. Phila. & R. Ry. Co., 262 Pa. 307; but the trial judge properly added that "the vigilance of one crossing these tracks must never be relaxed."

We have carefully examined the entire record and are satisfied that the defendant had a fair trial and all its rights safeguarded. The question of a new trial, as we have often held, is one within the discretion of the court below and with which we cannot interfere except in case of manifest error.

The assignments of error are overruled and the judgment is affirmed.