# Knobeloch *v.* Pittsburgh, Harmony, Butler & New Castle Ry. Co., Appellant.

*Appeals — Practice, Supreme Court — Assignments of error — Points—Exceptions.*

1. Assignments of error based on the refusal of the trial judge to affirm points for charge, which show no exceptions taken, are defective, and will not be considered.

*Appeals—New trial—Assignments of error—Excessive verdict—Abuse of discretion—Statement of question involved.*

2. The question of the amount of the verdict, will only be reviewed, where the amount is so grossly excessive as to shock the

sense of justice, and to indicate a clear abuse of discretion, on the part of the court below.

3. A complaint on appeal that a verdict was excessive, is not properly before the court, if it is not included in the statement of questions involved.

*Appeals—Motion for judgment n. o. v. — Exception — Act of May 11, 1911, P. L. 279.*

4. Where a judgment of the court below refusing a motion for judgment n. o. v. appears in the proceedings, an exception is not necessary to support an assignment of error, under the Act of May 11, 1911, P. L. 279.

*Negligence—Street railways—Automobiles—Crossings — Excessive speed—Anticipating—Contributory negligence.*

5. Where an electric car approaches a highway crossing at a speed of fifty miles an hour, and the driver of an automobile, after stopping and looking six feet from the first rail, where he has a long view of the tracks, proceeds at a speed of three miles an hour, and his machine is struck as it almost clears the second track, the questions of the defendant's negligence and the driver's contributory negligence are for the jury.

6. In such a case the duty of the driver was to guard against injury from a car approaching at an ordinary and reasonable speed. He was not, however, bound to anticipate and guard against the approach of a car driven at an excessive speed. He had a right to assume the motorman would exercise reasonable care and hold his car under control in approaching the highway. It was immaterial that the car was running on the company's private right-of-way, and not on a public highway.

Argued October 20, 1919.  Appeal, No. 104, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1395, on verdict for plaintiff in case of Sarah C. Knobeloch v. Pittsburgh, Harmony, Butler & New Castle Railway Company.  Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.  Affirmed.

Trespass for death of plaintiff's husband.  Before EVANS, J.

Verdict and judgment for plaintiff for $12,750.  Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v.

*Walter Lyon,* for appellant, cited: Laudenberger v. Easton Transit Co., 261 Pa. 288.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee, cited as to contributory negligence: Dunlap v. Phila. Rapid Transit Co., 248 Pa. 130; Beach v. P. R. R. Co., 212 Pa. 567; Bard v. Phila. & Reading R. R. Co., 199 Pa. 94; Cromley v. P. R. R., 208 Pa. 445; Huckinhaupt v. Erie R. R. Co., 196 Pa. 213; Cohen v. P. & R. R. Co., 211 Pa. 227; Bollinger v. Crystal Sand Co., 232 Pa. 636; Simon v. Lit Bros., 264 Pa. 121; Wagner v. Phila. Rapid Transit Co., 252 Pa. 354.

Cited as to defendant's negligence: Schoepp v. Gerety, 263 Pa. 538; Raulston v. Traction Co., 13 Pa. Superior Ct. 412; West Phila. Rys. Co. v. Mulhair, 6 W. N. C. 508; Haney v. Pittsburgh, etc., Traction Co., 159 Pa. 395; Callahan v. Phila. Traction Co., 184 Pa. 425.

OPINION BY MR. JUSTICE FRAZER, January 5, 1920:

Plaintiff sued to recover damages for the death of her husband caused by a collision, at a grade crossing, between an automobile deceased was driving and a trolley car of defendant company. The court below submitted the case to the jury; a verdict was rendered for plaintiff and motion for a new trial and for judgment non obstante veredicto were refused and judgment entered on the verdict, from which defendant appeals.

The first, second and third assignments of error to the refusal of the trial judge to affirm points for charge submitted by defendant, show no exceptions taken and are, consequently, defective: Tarnogurski v. Rzepski, 252 Pa. 507. The fifth assignment is to refusal of defendant's motion for new trial and it also contends the verdict is against the weight of the evidence and exces-

sive.  The first reason is involved in the discussion of the
motion for judgment non obstante veredicto, and as to
the second, this court has repeatedly said in a long line
of cases, beginning with Smith v. Times Pub. Co., 178
Pa. 481, and extending down to Scott v. American Ex-
press Co., 257 Pa. 25, that the question of the amount of
the verdict would be reviewed only where so grossly ex-
cessive as to shock our sense of justice and to indicate a
clear abuse of discretion on the part of the court below.
In addition to this, however, the question is not included
in the statement of questions involved, and, accordingly,
not properly before us: Murphy v. Ahlberg, 252 Pa. 267;
Hopkins v. Tate, 255 Pa. 56.  There remains for con-
sideration the fourth assignment, which is to the refusal
of defendant's motion for judgment non obstante vere-
dicto.  While plaintiff suggests this assignment is not in
proper form, no exception having been taken, the judg-
ment of the court appears in the proceedings and, hence,
under section 6 of the Act of May 11, 1911, P. L. 279,
no exception thereto was necessary: Fisher v. Leader
Pub. Co., 239 Pa. 200.

The accident occurred about one o'clock in the after-
noon of a clear day at a crossing on the main street of
the village of Ingomar, a station on defendant's interur-
ban trolley line.  Immediately before the accident de-
ceased was seen to approach the crossing, and, accord-
ing to the testimony of two witnesses, stopped his auto-
mobile six feet from the first rail of the near track at a
point affording him a view up the railway for a distance,
as stated by witnesses, of from three hundred to one
thousand feet.  He proceeded to cross at a speed, esti-
mated by witnesses, of three miles an hour and had
crossed the first track and almost cleared the second
when the rear end of his machine was struck by defend-
ant's trolley car, running, according to one of plaintiff's
witnesses, at a speed of at least fifty miles an hour, or,
as another witness said, "awful fast according to the
other cars that go through there......from 25 to 30

miles anyhow." A witness testified the car ran five hundred feet beyond the place of the accident before stopping and another estimated the distance as "at least fifty feet anyhow."

The car was running on the company's private right-of-way and not on the public highway; this, however, did not lessen the duty of the motorman on approaching the highway crossing to have his car under such control as the circumstances seemed to require, in view of the nature and situation of the crossing and the extent of its use by the public. Under the evidence submitted the jury were justified in finding the speed excessive; accordingly, the question of defendant's negligence could not have been properly withdrawn from them.

As to the contributory negligence of deceased the evidence shows he exercised such precaution as the law requires on approaching the crossing. He stopped to look within six feet of the first rail of the near track and we must presume he also listened: Smyth v. Phila. & West Chester Trac. Co., 263 Pa. 511. Appellant contends, however, that, assuming deceased stopped before starting to cross the tracks, he failed to look and see what must have been plainly obvious to him. This conclusion does not follow when we consider the testimony touching the relative speed of defendant's car and that of deceased and the further fact that deceased had almost cleared the last rail of the outside track when the collision occurred. Assuming he saw the approaching car the fact that he proceeded to cross the track ahead of it did not necessarily convict him of negligence. His duty was to guard against injury from a car approaching at an ordinary and reasonable speed; he was not bound to anticipate and guard against the approach of a car driven at an excessive speed. He had a right to assume the motorman would exercise reasonable care and hold his car under control in approaching the highway: Wagner v. Phila. Rapid Transit Co., 252

Pa. 354; Shields v. Phila. Rapid Transit Co., 261 Pa. 422.

What we have said above considers and disposes of the entire five assignments of error.

The judgment is affirmed.