## Kalo and Sullivan *v.* William Penn Hotel Company, Appellant.

*Trespass—Evidence—Charge of court—Improper remarks by counsel—Punitive damages—Excessive verdict.*

In an action of trespass against a hotel company the evidence established that the plaintiffs were guests of the hotel, occupying

separate beds in a double room. It was testified to by the plaintiffs that two of the defendant's house detectives unlocked the door to their room and entered, asserting that the plaintiffs had men concealed therein, called them vile names and searched the room, but found no men. Plaintiffs complained to the manager, and he informed them that the detectives had reported in writing that three men had been found in their room. On a subsequent night the room was again unlocked and invaded by two of the house detectives, who used plaintiffs roughly, swore at them and again accused them of having men in their room. The defendant's witnesses denied these charges and told an entirely different story, but it was admitted that the detectives acted within the scope of their authority.

Under such circumstances the case was for the jury and a verdict for the plaintiffs will be sustained.

The jury, finding the facts, according to the plaintiffs' testimony would be justified in allowing punitive damages, and the court below was bound to so instruct the jury.

*Excessive verdicts—Abuse of discretion.*

An assignment of error, based on the amount of the verdict, will only be sustained, where the verdict is so excessive as to shock the sense of justice or manifest a clear abuse of discretion of the court in refusing to set it aside.

*Trial—Remarks of counsel—Withdrawal of juror.*

Where the impropriety of a statement made to the jury by counsel for the plaintiff is not clear and apparent, the trial court did not err when it refused to withdraw a juror and continue the case, but instructed the jury that the statement could not have any weight and should not be considered by them unless there was evidence to explain the remark.

Argued May 6, 1925. Appeals Nos. 181 and 182, April T., 1925, by defendant from judgment of C. P Allegheny County, April T., 1921, Nos. 2112 and 279, in favor of plaintiffs in the cases of Lillian Kalo v. William Penn Hotel Company and Mary E. Sullivan v. William Penn Hotel Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass. Before COHEN, J.

The facts in both cases are the same and are stated in the opinion of the Superior Court.

Verdict for the plaintiff, Lillian Kalo, for $2,500.00, and for the plaintiff, Mary E. Sullivan, for $2,500.00. Judgments on the verdict. Defendant appealed.

*Errors assigned,* inter alia, were the admissibility of certain evidence, the court's refusal to withdraw a juror for improper remarks, and the judgment of the court.

*Charles D. Prichard,* for appellant.

*Rody P. Marshall,* and with him *Meredith R. Marshall* and *Thomas M. Marshall,* for appellees.

OPINION BY KELLER, J., July 9, 1925:

These actions in trespass arose out of the same occurrences and were tried together.

The plaintiffs alleged that they were guests in the defendant's hotel, occupying separate beds in room No. 1066; that during the night of September 26, 1920, or the early morning of September 27th, two of defendant's house detectives unlocked the door to their room, and entered, asserting that plaintiffs had men in their room. They called plaintiffs vile names and searched their room but found no men there. Plaintiffs were employed as models in a fashion show by a local department store and next day learned that complaint had been made to the store by the manager of the hotel regarding their conduct the night before. They went to see the manager of the hotel and he informed them that the detectives had reported in writing that three men had been found in their room. About three o'clock in the morning of September 29th, their room was again unlocked and invaded by two of defendant's house detectives, who used plaintiffs roughly, swore at them and again accused them of having men in the room. Plaintiffs telephoned for the assistant manager in charge of the hotel at night and complained of the

acts and intrusion of defendant's agents. They averred that these acts of defendant's employees, who, it was admitted, were acting within the scope of their authority, had injured and humiliated them and completely unnerved them, resulting in the illness of one of them, Miss Kalo.

Defendant's witnesses denied these charges and told an entirely different story, which, if believed, satisfactorily explained their presence in the plaintiff's room on the two occasions complained of; but apparently the jury did not believe them and accepted the version of the plaintiffs as true. And in the consideration of this appeal all disputed questions of fact must be resolved in favor of the plaintiffs.

We have, therefore, the case of a hotel, bound to care for and protect its guests, not only disregarding this duty, but actually through its own agents making a wanton and outrageous attack and intrusion upon their privacy at night, coupled with a baseless charge of misconduct and unchastity such as would justify their exclusion from the hotel; giving a false report of the result of this "raid," which was communicated to their guests' employer; and then committing the outrage a second time with added incidents of violence and insult. A jury, so finding the facts, would be justified in allowing the guests punitive damages, and the court below was bound so to instruct the jury in these actions. We do not think too great emphasis was laid on the subject by the learned trial judge in his charge. In fact, if the plaintiffs' story of the occurrences was accepted as true, we can scarcely conceive of a verdict which did not include some allowance by way of punitive damages. The sixth assignment of error is overruled.

Defendant complains of the court's refusal to withdraw a juror and continue the case, because of certain remarks of the plaintiffs' counsel in addressing the jury. The expression complained of is italicized: "Mr.

Sheaf''—one of the defendant's detectives—''went up there to find men in the room and *would have his hand behind his back.*'' The meaning of this statement is not so clear to us nor its impropriety so apparent, as to require us to reverse the action of the court below, which in refusing defendant's motion said: ''The court declines to withdraw a juror and continue the case, but the court will say to the jury that unless there is evidence to explain that remark, it cannot have any weight and should not be considered by them.'' The seventh assignment is overruled.

The other assignments relate to the exclusion of evidence and the refusal of a new trial. We see no valid objection to the testimony of Miss Sullivan, in explanation of why she did not leave the hotel immediately after the second intrusion [1]; and we can discover no possible relevance to these cases in what the hotel manager may have complained to the department store with respect to some model, other than the plain·tiffs, having burnt a hole in some hotel furniture [2]. The witness, Boehrer, testified clearly and positively that the two plaintiffs had come into the hotel on the morning of September 29th between two and three o'clock in company with another woman and Edgar Kaufmann. Mr. Kaufmann having then testified in rebuttal that he was not present at the time, but in New York, Boehrer was recalled and asked whether that was the Mr. Kaufmann he meant. On plaintiff's objection the question was excluded. Then he was asked ''was the man you named as Edgar Kaufmann the man who was just on the stand,'' to which he answered ''He was not.'' This cured the error, if any, in excluding the prior question. It was of no relevancy— and certainly not surrebuttal,—what relation the man he referred to was to the witness who had just left the stand, [3 and 4].

While the verdicts were large, we are not prepared to hold that, in the circumstances here present, they

·were so excessive as to shock the sense of justice or manifest a clear abuse of discretion of the lower court in refusing to set them aside, and thus require a new trial from an appellate court: Scott v. Adams Exp. Co., 257 Pa. 25; Gail v. Phila., 273 Pa. 275. The defendant's case was not helped by the innuendoes and insinuations directed against the plaintiffs by its witnesses when on the stand. The jury might have gathered from this evidence an intimation that the actions complained about, though not actually occurring, would have been justified, and regarded it as adding insult to injury, with a corresponding allowance in damages.

The assignments are all overruled and the judgments affirmed.