# McCabe *v.* Rutter, Appellant.

*Negligence—Automobiles—Repairs   to—Evidence—Non-admissibility—Case for jury.*

In an action of trespass to recover damages for personal injuries, a verdict for fifteen hundred dollars is not excessive, where there was competent evidence to show that plaintiff suffered internal injuries which would probably leave lasting effects.

The duty of controlling verdicts so as to prevent injustice should be fearlessly discharged by the trial courts. The question is not

whether the appellate courts would, as jurors, have found a smaller verdict, or as a trial court, would have compelled its reduction, but whether the verdict is so grossly excessive as to warrant the principles of interference, under the exceptional power given by the Act of 1891, P. L. 101.

A mechanic who repaired the damaged automobile can testify as to the actual cost of the work in connection with any repairs to the machinery, and can also testify as to repairs made to the body, even although he contracted for this work with some other person who was not under his immediate supervision and employ.

Argued October 7, 1926. Appeals Nos. 52 and 55, October T., 1926, by defendant from judgment of Municipal Court of Philadelphia County, November T., 1924, No. 1203, in the case of Helen McCabe, by her mother and next friend, Ellen McCabe, and Ellen McCabe in her own right, v. Horace G. Rutter. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff Helen McCabe in the sum of $1,500.00 and in the sum of $108.00 for Ellen McCabe, and judgment thereon. Defendant appealed.

*Errors assigned* were various ruling on evidence and refusal to grant a new trial.

*Louis R. J. Fenerty,* and with him *C. G. Fenerty* and *John J. Sullivan,* for appellant.

*Winfield W. Crawford,* for appellee.

OPINION BY PORTER, P. J., December 10, 1926:

These appeals are from judgments entered in the court below in favor of the plaintiffs and against the defendant, in an action of trespass to recover for in-

juries, to person and property, alleged to have resulted from an accident caused by the negligence of an employe of the defendant.  Helen McCabe, the minor plaintiff, was driving an automobile, which was run into and turned over by an automobile driven by the agent of the defendant.  The assignments or error raise no question as to the liability of the defendant, or the right of the plaintiffs, respectively, to recover. The complaint of the appellant is that the verdict awarding damages for personal injuries to the daughter was excessive and that an incompetent witness was permitted to testify as to the reasonable cost of repairing the automobile owned by the mother.

After consideration of the testimony, we are not convinced that the verdict in favor of Helen McCabe, the daughter, was so manifestly excessive as to render the refusal of a new trial by the court below such a palpable abuse of discretion, as to require the reversal of the judgment.  The evidence would have warranted a finding that prior to the accident she had been a healthy young girl, in all respects normal, but that subsequent to the accident and down to the time of the trial a year later, she had on each occasion of her monthly periods suffered pain, been confined to bed one or two days on each occasion and that the period had been considerably prolonged.  One of the physicians, who seemed to be impartial and concerning whose ability no question was raised, testified that in his professional opinion this condition was brought about by the accident, and that the condition would probably be continued for some time in the future, possibly indefinitely.  The duty of controlling verdicts so as to prevent injustice should be fearlessly discharged by the trial courts.  The question is not whether the appellate court would, as jurors, have found a smaller verdict, or as a trial court, would have compelled its reduction, but whether the verdict is so grossly exces-

sive as to warrant our interference, under the exceptional power given by the Act of May 20, 1891, P. L. 101: Martin v. Letter, 282 Pa. 287; Scott, Admx. v. American Express Co., 257 Pa. 25; Stevenson v. Ebervale Coal Co., 203 Pa. 316. The judgment of Helen McCabe must, therefore, be affirmed.

The only assignment of error relating to the appeal from the judgment in favor of Ellen McCabe, the mother, is to the refusal of the court to strike out part of the testimony of a witness, called by the plaintiff. The witness had testified without objection that he had undertaken the job of repairing the car of the plaintiff and that she had paid him $506 for repairing the parts of the car which had been damaged by the collision. He testified that the car had been practically new and that only the parts injured by the collision had been repaired. It was developed by the cross-examination that the repair of the engine and frame of the car had been done in his own shop and under his personal supervision, but· that he had sent the body of the car to another shop to have the coach work of repairing the body done, and that he had paid for doing such coach work the sum of $383, which was a reasonable price for such work. Counsel for the defendant then moved to strike out the testimony of the witness as to the amount of the cost of repairing the coach work upon the body, upon the ground that the witness was not competent to testify as to the reasonableness of such cost. The court refused the motion and granted an exception to the defendant. The witness testified that he was familiar with such work, that when he had coach work to be done he always took estimates from different parties engaged in work of that kind and had about $4000 worth of it done every year, for which he paid to those doing the work, and that he could closely estimate what it would be necessary to pay for such work in any case and that the price

which he had paid for repairing the coach work in this case was fair and reasonable. We are of opinion that the witness had shown such familiarity with the business as to render him competent to testify as to what was the reasonable cost of making the repair in question. The defendant made no attempt to prove that this particular charge was excessive. There is no doubt that the witness had actually paid that much for doing the work and that he had been repaid by the plaintiff. The credit to be given the witness was, in the circumstances, for the jury. The court left all the questions of fact in the case to the jury with instructions so favorable to the defendant that no exception was taken to the charge. The assignment of error is overruled.

The judgments in the appeals Nos. 52 and 55 October Term, 1926, respectively, are affirmed.