McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

**George C. STUCK, Plaintiff,**

v.

**WESTERN MARYLAND RAILWAY COMPANY, Defendant.**

**George C. STUCK, Administrator of the Estate of Joyce Diane Anderson Stuck, Plaintiff,**

v.

**WESTERN MARYLAND RAILWAY COMPANY, Defendant and Third-Party-Plaintiff**

v.

**George C. STUCK, Third-Party-Defendant.**

**Civ. A. Nos. 16989, 16990.**

United States District Court
W. D. Pennsylvania.

April 21, 1961.

BARTELS, District Judge.

Defendant's motion for judgment *non obstante veredicto* or, in the alternative, a new trial.

This action was commenced by the plaintiff individually and as administrator of the estate of his wife, Joyce, under the Pennsylvania Wrongful Death and Survival Acts, 12 P.S. § 1601 et seq., 20 P.S. § 320.601 et seq., for damages arising from plaintiff's injuries and the death of his wife, occasioned by a collision between defendant's train and plaintiff's automobile, in which his wife was a passenger. The jurisdiction of this Court is based upon diversity under 28 U.S.C. § 1332.

In answer to special interrogatories, the jury found that both the defendant and the plaintiff were guilty of negligence. The Court then instructed the jury that plaintiff could not recover individually or as administrator under the Wrongful Death Act but could recover under the Survival Act, setting forth the measure of damages. The jury returned a verdict against the defendant in favor of the plaintiff as administrator under the Survival Act based upon the earning power of the deceased wife, in the amount of $86,000.

██ The motion for judgment n. o. v. or, in the alternative, a new trial is predicated solely upon the contention that the verdict under the Survival Act is excessive. It is a well established principle

that the trial court, being in possession of all the facts, is in a position to and may exercise some control over the amount of the verdict. Stark v. Lehigh Foundries, Inc., 1957, 388 Pa. 1, 130 A.2d 123. However, this control is definitely limited. "The amount must not only be greater than that which the Court would have awarded, but so excessive as to offend the conscience and judgment of the Court." Stark v. Lehigh Foundries, Inc., supra (388 Pa. at page 23, 130 A.2d at page 136). As repeatedly stated by the Supreme Court of Pennsylvania and other courts, "the question of the amount of the verdict would be reviewed only in cases where so grossly excessive as to shock our sense of justice, and where the impropriety of allowing a verdict to stand is so manifest as to show a clear abuse of discretion on the part of the court * * in refusing to set it aside." Scott v. American Express Co., 1917, 257 Pa. 25, 31, 101 A. 96, 98; Stark v. Lehigh Foundries, Inc., supra. Based upon the evidence in this case, the verdict of $86,000 in the survival action is so grossly excessive as to shock the sense of justice of the Court.

From the record in this case, it appears that Joyce Stuck was a healthy girl of 16 years, who had been married for only three weeks before she met her tragic end. There is nothing else in the record to support the verdict. For instance, there is not a scintilla of evidence concerning her earning power, if any, or that she had ever worked or would have worked, or what, if anything, she might have saved by the end of her life. Consequently, any award of damages was based on sheer speculation without regard to any realistic approach to the problem. This is true not only with respect to the wife's earning power, span of life and date of retirement if she had worked, but also with respect to the support that might have been provided by her husband and her availability for work if she had children, and the amount of money she would have expended from any funds that

she might have been able to accumulate by reason of her potential earning power. Since the record is devoid of any evidence to support a verdict in the amount of $86,000, the Court in good conscience cannot permit it to stand.

There remains for consideration the determination of an amount of award which would not be excessive. A single male of 25 years with a 45-year life expectancy who had demonstrated energy and earning ability, was awarded $15,000 by a judge sitting without a jury. Migias v. United States, D.C.Pa.1958, 167 F. Supp. 482. A $30,000 verdict in the case of a 9-year old boy was reduced to $20,000 by the trial court and to $15,000 by the Supreme Court of Pennsylvania in Hankins v. Mack, 1950, 364 Pa. 417, 72 A.2d 268. A verdict of $24,204.50 for the death of a 4½-year old boy was reduced to $18,000 in Fries v. Ritter, 1955, 381 Pa. 470, 112 A.2d 189. The estate of a 15-year old girl, skilled in designing and remaking clothes, was awarded $15,000 and the award upheld in DeSimone v. City of Philadelphia, 1954, 380 Pa. 137, 110 A.2d 431. While these cases depend upon their individual facts, the above cases tend to establish a mean or norm under comparable circumstances. It is true that mere comparison with other cases will not solve the speculative difficulties always present in determining proper compensation to be allowed in suits for the benefit of deceased minors' estates. Hankins v. Mack, supra (364 Pa. 422, 72 A.2d 271). They do delineate an area of recovery to which the Court may refer in reaching its conclusion. Viewing the record most favorably to the plaintiff, the Court believes that any award in excess of $20,000 would be unjustified.

Defendant's motion for judgment n. o. v. is denied. Defendant's motion for a new trial on the question of damages in the survival action is granted upon the condition that if the plaintiff stipulates to a reduction of the amount of the verdict in said action to $20,000 within ten (10) days, said motion will be denied.